No. 65.—DANIEL M. SHINE, plaintiff in error, *vs.* JAMES W. BROWN, defendant.

[1.] The Legislature has the constitutional power to authorize the Ordinary of any county to grant letters of guardianship to a particular person residing in that county, notwithstanding the minor may live in another county.

Application for guardianship. Dooly. Decided by Judge POWERS, April Term, 1856.

James W. Brown applied to the Court of Ordinary of Dooly County, to be appointed guardian of the person and property of Danieline Whitaker Shine, a minor under the age of fourteen years, the daughter of applicant's wife by her former husband, Daniel W. Shine, jr.; this application was resisted by Daniel W. Shine, sr. the grand-father of the minor child, who resided in Twiggs County.

The Court decided the issue in favor of Brown, and the caveator appealed to the Superior Court.

Pending this appeal, the caveator, Daniel W. Shine, applied to the Legislature and had an Act passed, providing "that the Ordinary of Twiggs County be, and he is hereby, authorized to grant letters of guardianship for the person and property of Danieline W. Shine to her grand-father, Daniel W. Shine of Twiggs Co. upon his giving bond and security, as now required by law, and by complying with the Statutes in such case made and provided."

And the case was argued and decided upon the following agreed state of facts, to-wit:

That Danieline W. Shine is the daughter of Daniel W. Shine, jr. late of Twiggs County, deceased, and of Frances A. now wife of James W. Brown, the applicant, formerly Frances A. Shine and wife of Daniel W. Shine, jr. and that said Danieline W. is the grand-daughter of Daniel W. Shine; that she is now about two years of age, and was born after her father's death of said County of Dooly, where her mother then resided; that said child has ever since resided in said county; that in the month of October, 1855, James W. Brown applied for letters of guardianship to the Ordinary of Dooly, and that citation was issued and was published, according to law, thirty days before the first Monday in December of that year; that on the 30th day of November, 1855, the said Daniel W. Shine filed his objections to said application in the office of the Ordinary of said county, which objections are of file in this Court, and claimed the guardianship; that on the first Monday in December, the application.

and objections came on to be heard, when the Ordinary appointed the applicant, J. W. Brown, guar. From which judgment D. W. Shine appealed according to law; that pending the appeal, Daniel W. Shine procured a bill to be introduced in the Legislature, which was passed and assented to by the Governor, as appears by a certified copy of the same hereto annexed; that neither James W. Brown or his wife, the mother of said infant, were consulted as to said Act or assented to its passage, but they opposed the same; and that at the April Term, 1856, of the Court of Ordinary of Twiggs Co. Daniel W. Shine applied for and obtained letters of guardianship of the person and property of said minor child, in pursuance of said Act of the Legislature.

The Court affirmed the judgment of the Ordinary, and Counsel for defendant excepted.

E. E. & W. H. CROCKER, for plaintiff in error.

HALL & MILLER; T. M. GILES, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] The only question submitted for our decision in this case is, whether the Act of the last Legislature, (1855–'6, *Pamphlet, pp.* 496, '7,) conferring on the Ordinary of Twiggs County, authority to appoint Daniel W. Shine guardian of his grand-child is constitutional?

The Act recites, that " Whereas Daniel Shine died in the County of Dooly in the year 1853, leaving a widow and one child, and Daniel W. Shine of Twiggs County, the father of said Daniel Shine of Dooly, administered on the estate of said Daniel Shine, and now has the property of said estate in his possession in the County of Twiggs, and desires to become the guardian of his grand-child, Daniel W. Shine—the property having been derived originally by gift from said Daniel W. Shine to said Daniel Shine of Dooly."

It therefore enacts, "That the Ordinary of Twiggs County be, and he is hereby, authorized to grant letters of guardianship to the person and property of Danieline W. Shine to her grand-father, Daniel W. Shine of Twiggs County, upon his giving bond and security, as now required by law, and by complying with the Statutes in such case made and provided."

Why is this law not constitutional? It is neither a judicial nor a retrospective Statute, divesting vested rights as contended for by the learned Counsel for the defendant in error. It does not purport to interpret any existing law, nor to adjudicate any private controversy. By the existing law, jurisdiction over the subject matter was restricted to Dooly County, where the minor resides. By this Act it is given to the Ordinary of Twiggs. It is only a repeal of the old law, *pro tanto ;* and who doubts the power of the Legislature to do this? Had not the Legislature the right to confer this jurisdiction upon any county in the State? And if so, why not on any one county?

But it is argued that this Act divests vested rights. We do not so understand it. What right, vested or even inchoate, had Brown, the step-father of this child, to the guardianship? Had not the Ordinary discretionary power to delegate this trust to him or any one else? Such we understand to be the law. And then it should be borne in mind that guardianships are granted for the benefit of the infant and not of the guardian.

We are very much inclined to the opinion, that the State, as *parens patriae*, could direct the Ordinary to confer this trust upon any particular individual. Why not?

Whatever may be said against the impolicy of this Statute and of this species of legislation, nothing, we apprehend, can be alleged against its constitutionality; and in a contest between grand-father and step-father, we should lean strongly in favor of the former. The grand-parent may spoil the ward by over indulgence, and that is the worst to be feared. There is no danger of peculation in the mangement of the

estate. Fortunately, in this case, the child is a female. Boys may be spoilt by laxity of discipline—girls, rarely. The best wives and the best women are those who are cradled and nourished in the daily enjoyment of the kindest and holiest feelings of man's nature.